IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20624-CIV-GOLD/TURNOFF

PYCSA PANAMA, S.A.,

    Plaintiff,

v.

TENSAR EARTH TECHNOLOGIES,
INC., a Georgia corporation,

    Defendant.
_____/

## ORDER REQUIRING ADDITIONAL BRIEFING

THIS CAUSE came on before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint and/or in the Alternative, Motion to Strike Certain Paragraphs of Plaintiff's Complaint, Motion for a More Definite Statement **[DE 9]**, filed May 3, 2006. I have reviewed the Motion, Response, and Reply, and have determined that the parties have failed to address an issue critical to this lawsuit: choice of law.

In diversity actions such as the instant case, federal courts must apply the substantive law of the forum state. *Great Am. E&S Ins. Co. v. Sadiki*, 170 Fed. Appx. 632, 633-634 (11th Cir. 2006), citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) and *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711 (11th Cir. 1985)). This principle extends to the forum state's choice of law rules. *Id.* As this action is brought in the Southern District of Florida, we are bound to apply Florida's choice of law rules in determining which state's law governs this case.

In tort cases, Florida applies the significant relationship test of the Restatement (Second) of Conflict of Laws. *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001

-2-

(Fla. 1980). The test involves consideration of several factors to determine which state has the most contacts with the action or the greatest interest in the outcome. *Nelson v. Freightliner, LLC*, 154 Fed. Appx. 98, 102-103 (11th Cir. 2005).

In this case, the Plaintiff is a Panamanian corporation, and the Defendant is a Georgia corporation. The products were manufactured in Georgia, and the collapse of the wall leading to this lawsuit occurred in Panama. The parties, however, have applied Florida law in their Motion, Response and Reply. It appears that, under the significant relationship test, Florida has the least contact with the action, and the least interest in the outcome of this litigation.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The parties are to submit supplement briefing on the issue of choice of law to this Court **no later than November 17, 2006**.

2. Following my decision as to which law applies to this case, I may require that the parties resubmit their motion to dismiss, response and reply as to the state law question of the application of the economic loss rule.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this ___ day of October, 2006.

_____
**UNITED STATES DISTRICT COURT**
**HON. ALAN S. GOLD**

Copies furnished to:
United States Magistrate Judge William Turnoff
All Counsel of Record