UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA, MIAMI DIVISION

PYCSA PANAMA, S.A.                                   CASE NO.: 06-20624 CIV-GOLD
                                                     MAGISTRATE JUDGE TURNOFF

        Plaintiff,
v.

TENSAR EARTH TECHNOLOGIES, INC.,
a Georgia corporation,

        Defendant.
_____/

### DEFENDANT, TENSAR EARTH TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO LIMIT TENSAR'S EXPERT WITNESS LIST

Defendant, Tensar Earth Technologies, Inc., submits the following Memorandum of Law in Response to Plaintiff, Pycsa Panama, S.A.'s Motion to Limit Defendant's Expert Witnesses or for a Telephone Status Conference With District Court.

### MEMORANDUM OF LAW

**I.    INTRODUCTION**

On April 16, 2007, before it had even seen Tensar's expert witness summaries, Plaintiff moved to limit Tensar's expert witnesses [Docket No. 109]. Long on hyperbole but bereft of analysis, Plaintiff essentially complains that while it listed only four (4) expert witnesses, Tensar listed eleven (11). Plaintiff disingenuously submits that if Tensar uses this many experts, it will spend unnecessary amounts of time and money on discovery– even though it's present damage estimate exceeds the sum of $36 million.[1] Plaintiff also claims that some of Tensar's expert testimony might be cumulative, so the Court should restrict it now. Plaintiff's cry to limit

---

[1] Tensar derived this figure from Plaintiff's report of its forensic accountant and business valuation expert, Antonio Argiz. As set forth in that report, Plaintiff seeks "lost profits" in connection with a separate Panamanian road construction project but has not finished calculating them. See [Docket No. 117, Exh. 1]. It also seeks "additional cost of labor" but has not completed those calculations either. Thus, the overall amount of Tensar's demand will ostensibly be much higher after its experts, which have had <u>years</u> to compute its alleged damages, finish doing their work.

Tensar's experts in this context and for these reasons rings extraordinarily hollow. Because Pycsa presents no cogent reason to limit the number of Tensar's experts, and because the issue is moot in light of Tensar's expert disclosures, the Court should deny the Motion in all respects.

**II.    TENSAR IS ENTITLED TO EMPLOY EXPERTS TO DEFEND AGAINST PYCSA'S MULTI-FACETED LEGAL CLAIMS AND OPEN-ENDED, NON-FINALIZED REQUEST FOR $36 MILLION IN DAMAGES**

No rule requires a party to designate the same number of experts as its opponent. Nor must a party limit its experts based upon an opponent's desire to save time and money on expert depositions. This is particularly true where, as here, Tensar faces an open-ended, multi-million dollar damage claim. Contrary to Pycsa's groundless assertion, this is not a simple case featuring either simple science or simple damage issues.

This is a complex products liability action and has been designated as such. *See* [Docket Nos. 13, 21]. In fact, Tensar expressed its belief, at that time of the Joint Scheduling Report, that "trial will require three to four weeks" and that "numerous expert witnesses will testify at trial . . ." *Id*. Trial is presently set to commence in April, 2008. [Docket No. 21]. Pycsa's case features multiple legal theories, including the alleged negligent design, manufacture and implementation of the retaining wall system and/or its components, "failure to study, investigate, ascertain, impose or comply with reasonable standards and regulations to protect the person and property of those interacting" with the retaining wall system and failing to test the components of the retaining wall system to "determine their safety and fitness for the task." *See* [Docket No. 1], ¶¶ 81-95. Additionally, Pycsa, through its expert, seeks multiple categories of damage totaling at least $36 million. *See* [Docket No. 117]. Tensar is certainly entitled to designate experts to assist in its defense of these allegations, as well as Pycsa's multi-faceted and as-yet incomplete damage claims.

2

### III. PYCSA'S ALLEGED CONCERNS ARE NOW MOOT

Additionally, Plaintiff's purported concerns are now moot in light of Tensar's Notice of withdrawing the following designated experts: (1) Robin B. Dill, P.E., DBIA; (2) Damian R. Siebert, P.E.; (3) Dov Leschinsky and (4) David E. McCulla. *See* Exhibit A. An additional expert, Peter Gampel, did not submit a report but will likely serve as a rebuttal witness. At this time, therefore, Tensar has only three more testifying experts than Pycsa.[2] For this additional reason, the Court should deny Pycsa's Motion.

### IV. CONCLUSION

Tensar's expert designations were neither "ridiculous" or "designed to harass." If anything, Pycsa's Motion appears calculated to harass Tensar and pressure it to reduce its expert disclosures before serving its summaries. There being no cognizable or imaginable ground to limit the number of Tensar's expert witnesses, or to have a status conference about the issue, Tensar requests an Order denying Plaintiff's Motion.

Respectfully submitted,

/s/ Gregory M. Palmer
Gregory M. Palmer
Florida Bar No. 0784796
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida 33101
Telephone: (305) 358-5577
Telecopier: (305) 371-7580
E-Mail: gpalmer@rumberger.com
Attorneys for Defendant Tensar Earth
Technologies, Inc.

---

[2] Plaintiff designated four experts. One of those experts, however, Gary W. Draper, did not submit a report but will, Plaintiff asserts, be a rebuttal witness.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the  2nd  day of May, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **Alexander Angueira, Esq.,** aangueira@swmwas.com.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  **Richard G. Daniels, Esquire,** Daniels, Kashtan, Downs & Robertson, 3300 Ponce De Leon Boulevard, Coral Gables, FL  33134.

/s/ Gregory M. Palmer
Gregory M. Palmer
Florida Bar No. 0784796
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell Bayview Centre, Suite 3000
80 S.W. 8th Street (33130-3037)
Post Office Box 01-9041
Miami, Florida  33101
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

E-Mail:  gpalmer@rumberger.com

Attorneys for Defendant Tensar Earth Technologies, Inc.

554417