UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-20624-CIV-GOLD/Tunroff

PYCSA PANAMA, S.A.,

    Plaintiff,

vs.

TENSAR EARTH TECHNOLOGIES,
INC., a Georgia corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT WITNESSES

Plaintiff Pycsa Panama, S.A. ("Pycsa"), pursuant to S.D. Fla. L. R. 16.1(K) and the Court's July 24, 2006 Order [D.E. 21], files its motion to strike Defendant Tensar Earth Technologies, Inc. ("Tensar")'s expert witnesses.

After playing games with its expert witness list (which is the subject of a pending motion), Tensar served what it refers to as its "Rule 16.1K Expert Witness Summaries," however, the documents in question fall wholly short of the requirements of Rule 16.1K and this Court's July 24, 2006 Order. Indeed, the "summaries" provided for five of Tensar's six experts[1] provide scant information about the expert opinions to be offered at trial. For one of the experts, the "summary" consists of 49 words across two sentences. The others are little better considering Tensar's repeated representations as to the ominous complexity of the instant action.

---

[1] At one time Tensar's expert witness list grew to include as many as eleven (11) experts. Following Pycsa's filing of a motion to limit this patently overlong list, Tensar withdrew four experts and designated one as a rebuttal witness only. As such, Tensar was required to provide reports or summaries in compliance with Local Rule 16.1(K) for the remaining six experts. Of those, all except the summary for Theodore J. Trauner, Jr. are woefully inadequate.

CASE NO. 06-20624-CIV-GOLD/Turnoff

## PROCEDURAL BACKGROUND

This is a product liability action in which Pycsa seeks damages from Tensar due to the December 2003 collapse of retaining walls implementing the Tensar's faulty Mesa® Retaining Wall System.

On July 24, 2006, the Court entered an Order Setting Pretrial and Trial Dates, Referring Discovery Motions, Directing Parties to Mediation, and Establishing Pretrial Dates and Procedures. [D.E. 21]. In that Order, the Court also directed the parties, by April 20, 2007, to "comply with S.D.Fla.L.R. 16.1 K concerning the exchange of expert witness summaries and reports." (July 24, 2006 Order at 5 [D.E. 21]).

On March 30, 2007, Tensar served Pycsa with its expert witness list containing the names of eight experts that it intended to call at trial.[2] A copy of Tensar's March 30, 2007 expert witness designation is attached as Exhibit A. Thereafter, on April 2, 2007, Tensar served an amended expert witness list which contained three additional experts, for a total of eleven.[3] A copy of Tensar's April 2, 2007 expert witness designation is attached as Exhibit B. On April 20, 2007, Tensar withdrew four of its eleven experts.[4] A copy of Tensar's April 20, 2007 notice of withdrawal of expert witnesses is attached as Exhibit C.

On April 20, 2007, Pycsa received Tensar's "Rule 16.1K Expert Witness Summaries," which purported to include, *inter alia*, witness summaries for James Collin, Jorge Zornberg,

---

[2] The eight witnesses included Barry Christopher, Richard Bathurst, Peter Gampel, Carlos Mallol, Theodore Trauner, David McCulla, Robin Dill, and Damian Siebert.

[3] The additional three witnesses included James Collin, Jorge Zornberg, and Dov Leshchinsky. At the time of the amended witness list, Pycsa had already served document and deposition subpoenas on Drs. Collin and Zornberg.

[4] The notice of withdrawal was provided after Pycsa's pending motion to limit Tensar's expert witness list. The four experts withdrawn included David McCulla, Robin Dill, Damian Siebert, and Dov Leshchinsky.

2

CASE NO. 06-20624-CIV-GOLD/Turnoff

Theodore Trauner, Richard Bathurst, Barry Christopher, and Carlos Mallol. A copy of Tensar's April 20, 2007 Rule 16.1K Expert Witness Summaries is attached as Exhibit D.

## DISCUSSION

Local Rule 16.1(K) and the Court's July 24, 2006 Order impose specific disclosure requirements as to any expert opinion evidence is to be offered at trial. Specifically, the party must provide either reports signed by the experts or summaries signed by its attorneys which include, inter alia, the expert's qualifications, publications, a detailed list of all prior instances of acting as an expert witness and, most importantly, "the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." *S.D. Fla. L. R.* 16.1(k). Each witness must provide a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefore," as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony. *See Prieto v. Malgor*, 361 F.3d 1313, 1317-18 (11th Cir. 2004). Any party that "without substantial justification" fails to disclose this information is not permitted to use the witness as evidence at trial "unless such failure is harmless." *Id.*; Fed. R. Civ. P. 37(c)(1). The Rule 37(c)(1) sanction of exclusion is "automatic and mandatory" unless the party to be sanctioned can show that its violation was either justified or harmless. *See NutraSweet Co. v. X-L Engineering Co.*, 227 F. 3d 776, 785-86 (7th Cir. 2000). The Court may impose other appropriate sanctions in addition to or in lieu of exclusion. *See Prieto*, 361 F.3d at 1317-18.

3

CASE NO. 06-20624-CIV-GOLD/Turnoff

Compliance with Rule 16.1(k) is required because such disclosures increase the quality of trials by better preparing attorneys for cross-examination. *See Laplace-Bayard v. Battle*, 295 F.3d 157, 162 (1st Cir. 2002) (relying on *Prieto*). Failure to provide meaningful expert reports, in turn, undermines opposing counsel's ability to prepare for trial. *See id.* Similarly the Fifth Circuit has held that expert summaries not in compliance with requirements similar to our Local Rule 16.1(K) may mandate exclusion of those experts. *Sierra Club, Lone Star Chapter v. Ceder Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (excluding experts who provided only "a one and half page outline" of his testimony as well as two other experts who provided only one paragraph "reports").

### A. The James Collin "Summary" Fails to Either Meet the Requirements of 16.1(K) Or Even Address All Of The Required Categories

James Collin, currently president of the Collin Group, Ltd and former vice president of Tensar appears to be Tensar's primary liability expert given the generalized description of his testimony and his experience testifying in over 50 matters. Unfortunately the "summary" provided for Dr. Collin consists of slightly more than two pages of bullet points. A copy of Dr. Collin's summary can be found as Exhibit E hereto.[5] While this report is substantially longer than those provided by the other four experts that are the subjects of this motion, it falls well short of Local Rule 16.1(K)'s requirements. The summary provides virtually no basis for the grounds of each opinion and while it makes reference to various tests and calculations, no such information has been provided or identified. The Fifth Circuit in *Sierra Club* upheld the

---

[5] The summary is also "Exhibit A" to Tensar's Rule 16.1K Expert Witness Summaries attached hereto as Exhibit D. We have attached the Collin summary separately so that it may be reviewed more easily.

4

exclusion of an expert who had provided only a one and a half page outline of bullet points. *See* 73 F.3d at 571. The bare bones summary provided by Tensar prevents Plaintiff from fairly understanding and challenging the testimony that Dr. Collin is expected to provide at trial. Dr. Collin should be stricken as an expert or, at a minimum, the Court should limit Tensar from eliciting more detailed testimony from Mr. Collin or later attempting to replace his place holder report with a "real" report of his findings. *See Prieto*, 361 F.3d at 1317-18 (noting that a Court may impose other appropriate sanctions in addition to or in lieu of exclusion).

In addition, Tensar has failed satisfy Rule 16.1(K)'s requirement that it list and describe all matters in which Dr. Collin has previously testified. Despite the statement that "Dr. Collin" is in the process of preparing a list of the matters in which he has testified as a witness," no detail has been forthcoming in the four weeks since.[6]

### B. The Jorge Zornberg "Summary" Similarly Fails To Meet The Requirements of the Rule

Based on the limited summary submitted for Jorge Zornberg, Tensar intends to rely on him, along with Dr. Collin, for expert testimony related to the topic of liability. The summary for Dr. Zornberg, however, actually contains less detail than that for Dr. Collin. Here Tensar can find only seven bullet points vaguely describing the areas of testimony that Dr. Zornberg might provide. Again, the summary is completely void of the detail required by Local Rule 16.1(K)

---

[6] Tensar has also objected to producing any documents relating to Dr. Collins' testimony or reports in any other litigation.

5

CASE NO. 06-20624-CIV-GOLD/Turnoff

and should be stricken or limited for the same reasons as Dr. Collins' report. A copy of Dr. Zornberg's summary can be found as Exhibit F hereto.[7]

### C. Tensar's Sentences-Long Summaries For Bathurst, Christopher, and Mallol Do Not Even Attempt To Satisfy The Rule

Finally, for purported experts Richard Bathurst, Barry Christopher, and Carlos Mallol, Tensar does not even attempt to satisfy Local Rule 16.1(K). These three "reports" or "summaries" are so brief and so lacking that Tensar did not even bother setting them out as attachments to their purported expert disclosures. None provide Pycsa with fair notice of the substance of the experts' opinions or the grounds thereof. All should be stricken.

For Dr. Bathurst the *entirety* of his "report" consists of the following *two sentences*:

> Dr. Bathurst is expected to testify as to the results of various tests conducted on mechanically stabilized earth retaining wall systems and their components. Dr. Bathurst's opinions are based, in part, upon depositions, reports and documents produced in this case, in addition to his expertise and experience described above.

(Tensar's Rule 16.1K Expert Witness Summaries at IV(A), Ex. D). The "summary" provides virtually no information about the substance of the purported testimony or its purported basis. Further, Tensar has not provided or identified any of the "various tests" mentioned in the two sentence report.

Similarly, as to Drs. Christopher and Mallol, Tensar states only that:

> Dr. Christopher is expected to testify as to the guidelines applicable to the construction of mechanically stabilized earth retention walls in general and specifically as to the guidelines applicable at the time of the construction of the

---

[7] The summary is also "Exhibit C" to Tensar's Rule 16.1K Expert Witness Summaries attached hereto as Exhibit D. We have attached the Zornberg summary separately so that it may be reviewed more easily.

6

> retaining walls which are the subject of this lawsuit. Dr. Christopher is expected to testify that the subject retaining walls met all applicable guidelines and not defective as designed.

(Tensar's Rule 16.1K Expert Witness Summaries at V(A), Ex. D).

> Dr. Mallol is expected to testify that assuming that the collapse of the wall resulted from improper construction, drainage or project supervision, the overall responsibility for the collapse lies with the general contractor. It is expected that he will also testify that the absence of documents such as schedules, progress reports and daily reports, if confirmed, would indicate Pycsa's poor management of the construction contract, below industry common practice and contrary to its own contracts. Additionally, Dr. Mallol is expected to testify that irrespective of construction delays, the records show the project suffered substantial delays due to the need to obtain easements and clear the right of way, which resulted in the relocation of families living in the proposed roadway alignment and/or changes to said alignment, all of which may represent the controlling item in the timeliness of performance of the contract.

(Tensar's Rule 16.1K Expert Witness Summaries at VI(A), Ex. D). Again, the "summaries" provide virtually no information about the purported testimony and fall well short of Local Rule 16.1(K)'s requirement that Tensar provide "the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." *S.D. Fla. L. R.* 16.1(k); *see also Prieto*, 361 F.3d 1313, 1317 (11th Cir. 2004) (applying Local Rule 16.1(K)). All three purported experts were contained on Tensar's original expert witness list implying that it had sufficient time to describe the testimony it intended to elicit.[8] Indeed, Tensar determined during this time that five other potential experts had no knowledge relevant to this action. Due to

---

[8] In addition to the wholly lacking expert summaries, Tensar has to date provided no documents regarding any of these three experts despite providing some limited documents related to Drs. Collin and Zornberg. Moreover, Tensar has taken five to six weeks to provided deposition dates for Drs. Bathurst and Mallol. After weeks of waiting the only date offered for Bathurst is the very last day of discovery. No date has been forthcoming for Dr. Christopher.

7

CASE NO. 06-20624-CIV-GOLD/Turnoff

Tensar's abject failure to even approach the Rule's mandate, Drs. Bathurst, Christopher and Mallol should be stricken as experts in this matter.

## CONCLUSION

For the foregoing reasons, Pycsa respectfully requests this Court to enter an order striking Drs. Collin, Zornberg, Bathurst, Christopher, and Mallol from Defendant Tensar's expert witness list.

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff certifies that prior to filing this motion, he conferred with opposing counsel in a good faith effort to resolve the issues raised herein, but the parties were unable to resolve such issues.

Dated: May 16, 2007   Respectfully submitted,
Miami, Florida

                                              s/Alexander Angueira
                                              ALEXANDER ANGUEIRA (Florida Bar No. 0716091)
                                              aangueira@swmwas.com
                                              SAMUEL O. PATMORE (Florida Bar No. 0096432)
                                              spatmore@swmwas.com
                                              STEARNS WEAVER MILLER WEISSLER
                                              ALHADEFF & SITTERSON, P.A.
                                              Suite 2200, Museum Tower
                                              150 West Flagler Street
                                              Miami, Florida 33130
                                              Telephone:  (305) 789-3200
                                              Facsimile:  (305) 789-3395
                                              **Attorneys for Plaintiff**

CASE NO. 06-20624-CIV-GOLD/Turnoff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Facsimile and U.S. Mail on this **16th day of May, 2007**, on all counsel or parties of record on the attached service list.

s/Alexander Angueira
ALEXANDER ANGUEIRA

9

CASE NO. 06-20624-CIV-GOLD/Turnoff

## SERVICE LIST
## CASE NO. 06-20624-CIV-GOLD/ Turnoff

Gregory M. Palmer, Esq.
gpalmer@rumberger.com
Rumberger Kirk & Caldwell
Brickell Bayview Center
Suite 3000
80 Southwest 8th St.
Miami, FL 33130
Telephone: (305) 358-5577
Facsimile: (305) 371-7580
Attorney for Defendant Tensar Earth Technologies, Inc.

Albert E. Blair, Esq.
ablair@dkdr.com
Daniels, Kashtan, Downs, Robertson & Magathan
3300 Ponce de Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 448-7988
Facsimile: (305) 448-7978
Co-Counsel For Defendant Tensar Earth Technologies, Inc.

G:\W-LIT\36538\003\motion strike experts.doc