IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20624-CIV-GOLD/TURNOFF
Special Master Thomas E. Scott

PYCSA PANAMA, S.A.,

    Plaintiff,

vs.

TENSAR EARTH TECHNOLOGIES, INC.,

    Defendant.
_____/

**ORDER AND RECOMMENDATIONS REGARDING
PENDING DISCOVERY MATTERS**

This matter is before the Special Master pursuant to Plaintiff's Initial Position Paper Before the Special Master **[D.E. 195]**, Defendant, Tensar Earth Technologies, Inc.'s Position Paper in Compliance with the Special Master's Initial Scheduling Order **[D.E. 196]**, and the issues raised before the Special Master during the July 26, 2007 hearing. The Special Master has reviewed the positions of the parties and heard argument on a number of pending discovery matters before the Court. Specifically, the Special Master has evaluated: 1) the timing of the copying and delivery of Phase 2 documents to Defendant; 2) the production of Phase I documents by Plaintiff; 3) outstanding depositions to be taken by both parties; 4) Plaintiff's outstanding discovery requests; and 5) the ability of the parties to meet the deadlines established by the District Court. Accordingly, having reviewed the Court file, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has reviewed the efforts currently being undertaken in Panama to copy and deliver Phase II documents to Defendant, Tensar Earth Technologies, Inc. (hereinafter "Tensar"). The Special Master does not believe that the current system will allow the parties to complete discovery by the deadlines established by the District Court. Accordingly, the Special Master hereby orders the following:

(a) Plaintiff, Pycsa Panama, S.A. (hereinafter "Pycsa") is hereby ordered to deliver to Miami, Florida all Phase II documents previously designated by Tensar for copying in Panama. Phase II documents already copied and delivered to Tensar do not need to be delivered to the United States.

(b) Pycsa is permitted to select the courier to be used to transport the Phase II documents to the United States. Pycsa is also permitted to select the location where these documents will be housed in Miami. Finally, Pycsa is permitted to submit to the Special Master any safeguards they deem appropriate to preserve the documents and Pycsa's on-going business transactions. These safeguards may include the prioritization of the documents to be copied. The Special Master will be inclined to approve any proposed safeguards, so long as they do not cause unnecessary delay to the copying process.

(c) Tensar is permitted to select the copy service(s) to duplicate the Phase II documents. Tensar shall initially bear all costs associated with the transportation, temporary storage, and copying of the subject documents.[1] Tensar shall abide by any safeguards approved by the Special Master to

---

[1] At the present time, the Special Master defers making any recommendations to the District Court regarding the allocation of costs and expenses between the parties.

preserve the Phase II documents and Pycsa's on-going business transactions.

(d)   By **5:00 p.m. on Friday, July 27, 2007**, Pycsa shall file a report with the Special Master outlining when the Phase II documents will be delivered to Miami, Florida and where the subject documents will be temporarily housed.

(e)   By **5:00 p.m. on Friday, July 27, 2007**, Tensar shall file a report with the Special Master outlining what copy service(s) will be utilized to copy the Phase II documents and when the project is anticipated to be completed.

2.   During the July 26, 2007 hearing, the parties presented their positions concerning Tensar's request for Phase I documents. Tensar indicated that all Phase I documents requested from Pycsa were clearly outlined in the affidavit of Carlos M. Mallol (*See* D.E. 186-5) and a correspondence dated June 22, 2007 (*See* D.E. 178-9). Pycsa stated that they believed that the majority of these Phase I documents had been provided to Tensar and the remaining documents would be provided shortly. Accordingly, the Special Master hereby orders Tensar to examine all documents provided by Pycsa purporting to comply with Tensar's Phase I document requests. If Tensar does not agree that Pycsa has provided them with all of the applicable Phase I documents, Tensar shall file a report with the Special Master no later than **3:00 p.m. on Monday, July 30, 2007** outlining the Phase I documents that have not been produced. Counsel for Tensar shall confer with counsel for Pycsa prior to filing this report to determine the status of any outstanding documents.

3. The parties have both requested the Special Master's approval of additional depositions before the fact discovery cut-off date. The Special Master has reviewed the positions of the parties regarding these depositions and hereby orders the following:

(a) Tensar's request to depose Pycsa's Development Manager, Oscar Delgado is hereby GRANTED. Tensar is permitted to depose Mr. Delgado in his capacity as Pycsa's Development Manager. The parties have advised the Special Master that the deposition of Oscar Delgado will be conducted in Miami, Florida on Friday, July 27, 2007. The parties shall immediately advise the Special Master if this deposition is cancelled for any reason.

(b) Tensar's request to depose a corporate representative of Pycsa with knowledge regarding Pycsa's relationship with: Caja de Ahorras, Banco Nacional de Panama, Inglewood Financial, and Central de Fianzas is hereby GRANTED. Tensar has agreed to take the deposition of the corporate representative in Panama in early August. Pycsa is hereby ordered to provide Tensar with the name of the corporate representative and possible dates for the deposition. At the conclusion of the deposition, if Tensar believes that they have been prejudiced in taking this deposition due to the timing of the production of Phase I and/or Phase II documents, Tensar is permitted to file a motion before the Special Master requesting an additional, limited telephonic deposition of the corporate representative

based on these documents. If necessary, scheduling issues will be addressed by the Special Master at that time.

(c) Pycsa's request to depose Philip Egan is hereby GRANTED. Tensar is hereby ordered to provide dates to Pycsa for the deposition of Philip Egan in Atlanta, Georgia. The deposition of Philip Egan will be limited to only those areas for which Mr. Egan would have personal knowledge. The deposition will be initially limited to three (3) hours. The Special Master will be available to make rulings regarding issues that may arise during this deposition.

(d) Pycsa's request to depose Tensar's 30(b)(6) witness on the remaining three categories not addressed during the July 13, 2006 deposition is hereby GRANTED. Tensar is hereby ordered to provide the name of the 30(b)(6) witness, possible dates, and location of the deposition. The deposition is hereby limited to only those three categories not addressed during the July 13, 2006 deposition.

(e) During the July 26, 2007 hearing before the Special Master, Pycsa indicated that it wished to conduct limited depositions of Barry R. Christopher, Ph.D., P.E. and Professor Richard J. Bathurst, P.Eng., Ph.D., FEIC, FCAE as potential fact witnesses in this matter. The Special Master reserved ruling on whether to grant the requested depositions. Pycsa is hereby ordered to file a memorandum of law in support of its request to depose these two individuals no later than **5:00 p.m. on Monday, July 30, 2007**. If Pycsa files a memorandum of law in support of this request,

Tensar shall have until **5:00 p.m. on Wednesday, August 1, 2007** to file a memorandum of law in opposition. No reply will be permitted.

4. During the hearing, Pycsa also raised a number of outstanding discovery requests to which Tensar has yet to provide responsive documents. Counsel for Tensar indicated that many, if not all, of these outstanding requests would be complied with by Monday, July 30, 2007. Accordingly, Tensar is hereby ordered to provide responsive documents to Pycsa's outstanding discovery requests no later than **12:00 p.m. on Tuesday, July 31, 2007**. In the event that Tensar is unable to locate responsive documents, either in part or in whole, Tensar shall file an affidavit outlining its efforts to locate responsive documents, and shall state under penalty of perjury that no responsive documents exist to the specific outstanding requests from Pycsa.

5. The Special Master hereby recommends that the fact discovery deadline of August 10, 2007 be extended until August 31, 2007. The Special Master also recommends that the deadline to file expert reports be extended one week from August 17, 2007 until August 24, 2007, and the deadline to file expert rebuttal reports be extended one week from August 24, 2007 until August 31, 2007. The Special Master may make further recommendations concerning a potential brief extension of limited expert discovery based on a showing of need by the parties related to the outstanding fact discovery matters. However, any extensions recommended by the Special Master will not alter the deadline for the parties to file dispositive motions or the trial date.

**DONE AND ORDERED** this 30th day of July, 2007.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
U.S. District Judge Alan S. Gold