UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-20624-CIV-GOLD/Tunroff
Special Master Thomas E. Scott

PYCSA PANAMA, S.A.,

    Plaintiff,

vs.

TENSAR EARTH TECHNOLOGIES,
INC., a Georgia corporation,

    Defendant.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT TENSAR'S
MOTION TO STRIKE PLAINTIFF'S REBUTTAL EXPERT**

The parties agree on a central fact:

"Dr. Zornberg is **not** a hydrology expert and has **not** provided any hydrology expert testimony."[1]

Dr. Zornberg's tortured opinion makes clear that he is not an expert on hydrology.[2] He (along with Tensar's other engineering expert, Dr. Collin) does, however, provide testimony well outside of his area of expertise and that testimony does implicate matters of hydrology. In order to rebut that testimony, Pycsa subsequently retained Dr. Tracey Flowers to provide rebuttal testimony on the topic of hydrology. As explained in Pycsa's Supplemental Designation of Rebuttal Expert [D.E. 226], Dr. Flowers will only testify in response to the testimony advanced in Tensar's case in chief. Moreover, Dr. Flowers' rebuttal report was timely provided by the August 24, 2007 deadline set by the Court.

---

[1]     Tensar Mot. [D.E. 246] at 6 (emphasis in original)
[2]     "Hydrology" is the science dealing with the properties, distribution and circulation of water on the earth's surface, in the soil, and in the atmosphere. *See Webster's Ninth New Collegiate Dictionary*, 590 (1991).

CASE NO. 06-20624-CIV-GOLD/Turnoff

As to the remainder of Tensar's motion, Pycsa is very troubled by the revisionist claim that Pycsa should have been on notice of a need to respond to Dr. Zornberg's opinions in January of 2007. This statement is directly contrary to Tensar's earlier representations to both Pycsa and to this very Court that Dr. Zornberg and Dr. Collin were nothing but consultants who would NOT testify either in this action or in the Panama proceeding. Indeed, Tensar maintained the ruse until after its deadline to name its experts in this action and did not include either Dr. Collin or Dr. Zornberg on its expert list submitted by the March 30, 2007 deadline.[3]

### A.     The Testimony Of Dr. Flowers Is Necessary To Rebut The Extra-Expertise Statements Of Tensar's Engineering Experts

On August 17, 2007, Pycsa filed a Supplemental Notice Regarding Expert Reports and Supplemental Designation of Rebuttal Expert pursuant to the Court's Orders of June 4, 2007 [D.E. 154] and July 27, 2007 [D.E. 192]. (*See* [D.E. 226]) As explained therein, the designation was prompted by then recent Tensar actions. Among them, the July 3, 2007 supplemental report of Tensar-designated expert Jorge Zornberg and the August 9, 2007 Tensar-noticed deposition of a Panamanian entity (ETESA/Hidromet) responsible for tracking rainfall in the area of the failure have created a need for Pycsa to present rebuttal from a hydrology expert.

More specifically, the reports and depositions of Drs. Collin and Zornberg raised serious questions regarding the validity of their opinions on matters of hydrology. Dr. Zornberg, for

---

[3] Tensar's initial expert witness filed on the deadline set by the Court's July 24, 2006 scheduling order [D.E. 21] listed an astonishing eight (8) experts but did not list either engineering expert that Defendant now intends to rely upon at trial. Drs. Zornberg and Collin first appeared on Tensar's amended expert witness list which expanded the list to eleven (11) purported trial experts. Tensar did not file either list with the Court at the time of filing, however, the amended list was attached to Pycsa's motion to limit defendant's expert witnesses or for a telephone status conference [D.E. 109] and both lists were attached to Plaintiff's Motion to Strike Defendant's Expert Witnesses [D.E. 134-1 & 2].

2

CASE NO. 06-20624-CIV-GOLD/Turnoff

example, posits a "magic water" theory where virtually all of the water falling on a high point approximately one half kilometer from the failure flowed down a roadway without spilling over at any point, then went up a small rise before making a sharp right and overtopping the wall at the point of failure. (*See, e.g.,* Dep. of J. Zornberg at 134:19 to 136:8, Ex. "A"). Dr. Zornberg also made the decision to ignore rainfall records where they did not fit his theory. (*See, e.g.,* July 3, 2007 Zornberg Report at 25; Zornberg Dep. at 121:2 to 122:19). This fact became particularly important once Tensar noticed for deposition the entity responsible for tracking rainfall in Panama. Dr. Collin, for his part, posits a different water theory wherein water defied gravity by filling only the top half of the gravel zone behind the walls. (Dep. of J. Collin at 155:9 to 156:2; Ex. "B"). Based on these statements Pycsa agrees that Dr. Zornberg "is **not** an expert in hydrology." For that matter, nor can Dr. Collin be received as one either. These opinions indicate a fundamental misunderstanding of the behavior of water. Whatsmore, shrouding this testimony with the imprimatur of expert opinion potentially may have misleading effects on a jury.

As a result, Pycsa designated Dr. Flowers as a rebuttal expert. Pycsa's filing made clear that Dr. Flowers will only testify, if at all, as to hydrology matters raised in Tensar's direct case. (*See* [D.E. 226] at 2). Pycsa will withdraw its designation of Dr. Flowers if Tensar agrees that Drs. Collin and Zornberg will not proffer any water or rainfall related testimony. Dr. Flowers' limited rebuttal report was subsequently issued on August 24, 2007—the time set by the Court for issuance of such reports. (*See* [D.E. 192] ¶ 3(c)).

3

Moreover, Pycsa's March 1, 2007 designation of expert witnesses contained the following reservation: "Per the Court's July 24, 2006 Order, Plaintiff reserves all rights to submit rebuttal expert witnesses at the appropriate time." ([D.E. 90] at 2). This reservation was necessary because Tensar was not required to disclose the identity of its experts until March 30, 2007 or the substance of those opinions until April 20, 2007. As the Court is aware, Tensar's April 20, 2007 filing pursuant to Local Rule 16.1K was woefully inadequate. (*See* Pycsa Mot. to Strike Def. Expert Witness List [D.E. 134]). Tensar ultimately provided expert reports for Drs. Collin and Zornberg in late June and early July. As recently as last week, Tensar produced yet another amended Zornberg report. As such, Dr. Flowers was appropriately noticed as a rebuttal expert when the need for his testimony became clear.

**B.         Tensar's Motion Is Premised On A Disingenuous Statement**

Tensar's motion is based on a claim that is false at worst and misleading at best. The primary thrust of Tensar's motion appears to be that Pycsa should have been aware in January of 2007 that it would need a rebuttal hydrology expert because Dr. Zornberg had submitted a report at that time in a Panamanian evidence preservation proceeding. (*See* Tensar Mot. [D.E. 246] at 2 (asserting that Pycsa had been on notice of Dr. Zornberg's testimony since January 18, 2007)). Missing from this position is the fact that Tensar affirmatively represented to the Court that Dr. Zornberg would NOT testify in this case and that the report he filed in Panama did not constitute expert testimony.

Tensar's instant motion neglects to mention that when Pycsa sought discovery regarding Dr. Zornberg's opinions in the Panama proceeding *more than a year ago,* Tensar refused on

4

grounds that Dr. Zornberg (and Dr. Collin) were non-testifying consultants and that their views related to either the Panama proceeding or the instant litigation were protected from disclosure under the non-testifying expert doctrine. (*See* [D.E. 28] at 8). Tensar even submitted a sworn affidavit from its general counsel stating that neither Dr. Zornberg nor Dr. Collin would testify at trial in this action and that they had "been merely retained to provide consultant services..." ([D.E. 31] ¶ 4). In addition, Tensar provided an affidavit from the counsel representing it in the Panamanian proceeding which stated that Drs. Collin and Zornberg were not testifying experts in that proceeding either. (*See* [D.E. 43] ¶ 14). Based on these representations, Magistrate Judge Turnoff granted Tensar's request for a protective order [D.E. 51].

Pycsa also relied on these statements. Indeed, Tensar steadfastly continued with its claim that Drs. Zornberg and Collin would not testify through the deadline for its own expert disclosures. When Tensar filed its March 30, 2007 expert witness list, neither Drs. Collin or Zornberg appeared, even though eight other experts were named. Tensar only changed its position regarding Drs. Collin and Zornberg when it expanded its list to eleven (11) experts.

Moreover, the January 18, 2007 report of which Tensar spends so much time discussing was never produced by Tensar in this litigation.[4] Further, Dr. Zornberg has not stood by that report in this litigation—rather he has issued a largely new report that substantially differs from his Panama report in material ways.[5]

---

[4] The copy attached as an exhibit notably lacks any bates numbering. A copy of the January report was contained in the files that Dr. Zornberg produced at his deposition.

[5] Indeed, Tensar produced yet another revised version of Dr. Zornberg's report just this past week. Neither the new report nor the cover letter provide any indication as to what has been changed in the report or an explanation for its issuance some four months after his deposition.

5

CASE NO. 06-20624-CIV-GOLD/Turnoff

### C. The Court Should Exercise Its Discretion To Allow The Testimony Of Dr. Flowers

It is undisputed that the Court enjoys great discretion to set scheduling deadlines and to determine, as justice requires, the admissibility of expert testimony. *See, e.g., Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962)(holding that trial judge "has broad discretion in the matter of admission or exclusion of expert evidence"); *see also, Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006)(cited by Tensar at 3). The cases relied upon by Tensar, however, largely concern a point of law different than that at issue here. The bulk of the cases cited by Tensar actually concern whether a district court properly excluded an expert *report* submitted after the deadline to do so. *See, e.g., Bearint v. Juvenile*, 389 F.3d 1339 (11th Cir. 2004) (concerning expert report submitted after the due date for such reports); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005) (same). The report of Dr. Flowers is timely. Moreover, none of the cases cited by Tensar concern the designation of a rebuttal expert. This difference is significant. As noted above, Pycsa could not have been aware of the need to rebut specific testimony to be provided by Tensar's experts on March 1, 2007 and Pycsa specifically reserved its rights to provide expert rebuttal at a later date.

One case (mis-)cited[6] by Tensar, *Wong*, offers useful guidance regarding how to resolve the issue. There the Court was guided by a three prong analysis considering whether (a) the necessity of the witness could have been anticipated at the time the lists were exchanged; (b) the

---

[6] The *Wong* case, like many others, is mis-cited by Tensar in that the factual setting is an expert *report* that was filed well after the deadline. The report of Dr. Flowers was filed on August 24, 2007 in accordance with the Court's scheduling order. What is at issue here is the fact that Dr. Flowers was not identified on Pycsa's initial expert witness list.

6

CASE NO. 06-20624-CIV-GOLD/Turnoff

court and opposing counsel were promptly notified of an intent to supplement the expert list; and (c) the witness was promptly proffered for deposition. *See Wong*, 410 F.3d at 1060. As discussed above the need for Dr. Flowers' rebuttal testimony was not known on the deadline for designation of expert witnesses because Tensar had not yet filed its expert witness list and because Tensar had explicitly represented to the Court that neither would testify in this action. Moreover, the expert at issue is offered for rebuttal purposes only. Second, Pycsa promptly disclosed Dr. Flowers by filing a supplemental rebuttal expert disclosure on August 17, 2007 even though the time for a rebuttal expert report was not until August 24, 2007. Finally, Pycsa promptly offered Dr. Flowers for deposition, even going so far as to offer Mr. Flowers for deposition in Miami even though he works in California.[7]

Similarly, Dr. Flowers should be allowed to testify based on the standard advanced in Tensar's motion. Relying upon *Wong* and *Carr*, Tensar argues that the applicable standard should be whether the "untimely disclosure was substantially justified *or* harmless." ([D.E. 246] at 3 (emphasis added)). As explained above and in Pycsa's Supplemental Designation of Rebuttal Expert [D.E. 226], the designation of Dr. Flowers on August 17, 2007 was substantially justified. Moreover, Tensar cannot claim that it did not timely receive notice of the substance of Dr. Flowers' opinions as his rebuttal report was provided pursuant to the Court's scheduling order. His opinions were detailed in the August 24, 2007 rebuttal report relating to the claims of

---

[7] Based on Tensar's insistence, the practice in this case has been to take the depositions of experts in the district where they reside, e.g. Pycsa has deposed Tensar's experts in Texas, Ontario, Orlando and the Washington, D.C. area in addition to the Southern District of Florida. Dr. Flowers' deposition could have been taken in California in late August or early September while Tensar's counsel was there for the depositions of Pycsa's two principal engineering experts, but it chose not to do so.

7

CASE NO. 06-20624-CIV-GOLD/Turnoff

Tensar's two engineering experts, Drs. Collin and Zornberg.[8] Pycsa remains willing to withdraw its designation of Dr. Flowers if Tensar agrees that Drs. Collin and Zornberg will not proffer any water or rainfall related testimony.

As to the alternative analysis of whether the timing of Dr. Flowers' disclosure was harmless, the record is clear. Pycsa sought to assuage any potential harm by limiting his testimony to solely those hydrology issues raised by the testimony of Tensar's experts and by offering to make him available for a convenient deposition in Miami. The "harm" claimed by Tensar (that it lacks the opportunity to find a hydrologist to rebut Dr. Flowers' rebuttal) is simply not cognizable. First, Tensar cannot plausibly argue that it should be entitled to yet more expert witnesses when its list has totaled as many as eleven at any one time.[9] Second, neither the Federal Rules nor the Scheduling Order in place in this action anticipate that the parties would either name "rebuttal to rebuttal" experts or provide sur-rebuttal reports. Any "harm" that Tensar might arguably encounter is mitigated by Pycsa's offer to make Dr. Flowers available for deposition at the office of Tensar's counsel in Miami.[10]

## CONCLUSION

For the foregoing reasons, Defendant's motion to strike Plaintiff's rebuttal expert Tracey Flowers should be denied.

---

[8] Similarly, the first time that Tensar provided any information other than name for Peter Gampel, a rebuttal accounting expert, was in his rebuttal report filed on August 31, 2007.
[9] At current count, Tensar intends to offer the live testimony of five (5) experts at trial.
[10] Even this accommodation would have been unnecessary had Tensar simply taken Dr. Flowers' deposition when it was taking the depositions in California of two of Dr. Flowers' colleagues.

Dated: October 1, 2007  
Miami, Florida

Respectfully submitted,

s/Alexander Angueira  
ALEXANDER ANGUEIRA (Florida Bar No. 0716091)  
aangueira@swmwas.com  
SAMUEL O. PATMORE (Florida Bar No. 0096432)  
spatmore@swmwas.com  
STEARNS WEAVER MILLER WEISSLER  
ALHADEFF & SITTERSON, P.A.  
Suite 2200, Museum Tower  
150 West Flagler Street  
Miami, Florida 33130  
Telephone: (305) 789-3200  
Facsimile: (305) 789-3395  
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via electronic means through the CM/ECF system on this **1st day of October, 2007**, on all counsel or parties of record on the attached service list.

s/Alexander Angueira  
ALEXANDER ANGUEIRA

9

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.  
Museum Tower ▪ 150 West Flagler Street ▪ Miami, FL 33130 ▪ 305-789-3200

CASE NO. 06-20624-CIV-GOLD/Turnoff

## SERVICE LIST
## CASE NO. 06-20624-CIV-GOLD/ Turnoff

Gregory M. Palmer, Esq.
gpalmer@rumberger.com
Rumberger Kirk & Caldwell
Brickell Bayview Center
Suite 3000
80 Southwest 8th St.
Miami, FL 33130
Telephone: (305) 358-5577
Facsimile: (305) 371-7580
Attorney for Defendant Tensar Earth Technologies, Inc.

Albert E. Blair, Esq.
ablair@dkdr.com
Daniels, Kashtan, Downs, Robertson & Magathan
3300 Ponce de Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 448-7988
Facsimile: (305) 448-7978
Co-Counsel For Defendant Tensar Earth Technologies, Inc.

G:\W-LIT\36538\003\opp strike flowers v2.doc