IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20624-CIV-GOLD/TURNOFF
Special Master Thomas E. Scott

PYCSA PANAMA, S.A.,

    Plaintiff,

vs.

TENSAR EARTH TECHNOLOGIES, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT, TENSAR EARTH TECHNOLOGIES, INC.'S MOTION TO STRIKE PLAINTIFF'S REBUTAL EXPERT TRACEY FLOWERS, ALLOCATION OF SPECIAL MASTER'S FEES, AND DISCHARGE OF SPECIAL MASTER**

This matter is before the Special Master pursuant to Tensar Earth Technologies, Inc.'s Motion to Strike Plaintiff's Rebuttal Expert Tracey Flowers and Incorporated Memorandum of Law **[D.E. 246]**, Plaintiff's Opposition to Defendant Tensar's Motion to Strike Plaintiff's Rebuttal Expert **[D.E. 258]**, and Defendant Tensar Earth Technologies, Inc.'s Reply to Plaintiff's Opposition to Defendant Tensar's Motion to Strike Plaintiff's Rebuttal Expert **[D.E. 274]**.

**A.    Dr. Flowers.**

The Special Master has carefully evaluated the positions of the parties with respect to the proposed rebuttal testimony of Dr. Tracey Flowers. Having reviewed the arguments advanced by the parties and the authority cited in support of their respective positions, the Special Master hereby recommends that the District Court DENY Tensar Earth Technologies, Inc.'s Motion to Strike Plaintiff's Rebuttal Expert Tracey Flowers. Based on the record, the Special Master does not believe that the relevancy of Dr.

Flowers' testimony could have been ascertained by Pycsa prior to exchange of expert disclosures. In addition, Pycsa filed its supplemental rebuttal expert disclosure on August 17, 2007, a week before the deadline for rebuttal reports. Finally, Pycsa has offered Dr. Flowers for deposition. Given the limited scope of Dr. Flowers' proposed rebuttal testimony, the Special Master finds that Tensar will not be harmed by allowing Pycsa to offer Dr. Flowers' rebuttal testimony on the topic of hydrology. However, in an abundance of caution, the Special Master hereby recommends that Tensar be permitted to: 1) depose Dr. Flowers at the earliest possible date; and 2) retain a sur-rebuttal expert in the area of hydrology.

**B.   Allocation of Costs.**

Pursuant to the District Court's Omnibus Order Denying Plaintiff's Appeal of Magistrate Judge Turnoff's Order; Appointing Special Master; and Setting Deadlines [D.E. 192], the District Court instructed the Special Master to provide a report and recommendation regarding the allocation of the costs for the service of the Special Master. The Special Master notes that the District Court initially imposed these costs on Plaintiff. However, given the nature and scope of the discovery disputes resolved by the Special Master, the Special Master respectfully submits that the costs of the Special Master should be allocated equally between the parties.

**C.   Discharge of Special Master.**

Having reviewed the scope of the District Court's Order Appointing Special Master [D.E. 192], the Special Master submits that he has fulfilled the duties of his appointment. Accordingly, the Special Master respectfully requests to be discharged from his services as Special Master once the issues related to the parties' hydrology

06-20624-CIV-GOLD/TURNOFF

experts have been resolved. The Special Master thanks the Court for the opportunity to serve in this capacity.

**D.     Recommendations.**

Having reviewed the Court file and being otherwise fully advised in the premises, the Special Master respectfully recommends the following actions outlined below:

1. The Special Master recommends that Tensar Earth Technologies, Inc.'s Motion to Strike Plaintiff's Rebuttal Expert Tracey Flowers be DENIED.

2. The Special Master recommends that Tensar Earth Technologies, Inc. be permitted to depose Dr. Flowers at the earliest possible date.

3. The Special Master recommends that Tensar Earth Technologies, Inc. be permitted to retain a sur-rebuttal expert in the area of hydrology and file a sur-rebuttal report within 10 days of the District Court's Order.

4. The Special Master recommends that the costs for the service of the Special Master be equally allocated between the parties.

5. The Special Master recommends that he be discharged from his duties as Special Master at the resolution of any remaining issues related to the parties' hydrology experts.

RESPECTFULLY SUBMITTED in Miami, Florida this ___ day of March, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records